## Marshall, Appellant, *v.* Clause.

*Wills—Devise—Conditional devise—Fee simple—Life estate.*

A devise of land to testator's son with the condition annexed, "But if he should have no direct heirs, then during his natural life and his present wife or widow to have the use of it during her widowhood, at her death or remarriage said property to go to my heirs at law" con-templates a definite failure of issue and indicates a plain intention that there should be a fee in the son only in case he left heirs of his body.

Argued Nov. 2, 1910. Appeal, No. 205, Oct. T., 1910, by plaintiff, from judgment of C. P. No. 4, Allegheny Co., Fourth T., 1910, No. 415, for defendant in case of Sam-uel F. Marshall v. W. L. Clause. Before BROWN, MES-TREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Assumpsit for purchase price of coal underlying a tract

of land on a sale agreement conditioned upon vendor's title in fee simple to the land. Before SWEARINGEN, P. J.

The opinion of the Supreme Court states the case.

On demurrer to plaintiff's statement judgment was entered in favor of defendant. Plaintiff appealed.

*Error assigned* was in entering judgment for defendant on the demurrer.

*William J. Barton,* for appellant.

*R. H. Hawkins,* of *Dalzell, Fisher & Hawkins,* for appellee.

PER CURIAM, January 3, 1911:

The plain intention of James Marshall in devising an interest in a farm to his son, Samuel F. Marshall, the appellant, by a will dated August 5, 1890, is in no danger of being defeated by any rule of law. The devise of the land to the appellant, which he undertook to convey in fee to the appellee, has annexed to it the following condition: "But if he should have no direct heirs, then during his natural life and his present wife or widow to have the use of it during her widowhood, at her death or remarriage said property to go to my heirs at law." The clear contemplation of the testator was a definite failure of issue and his intention is plain that there should be a fee in the son only in case he left heirs of his body. In default of such heirs, the farm, upon the death of the son, is to pass for life to his widow, and upon her death to the heirs of the testator generally. The learned court below correctly held that Stoner v. Wunderlich, 198 Pa. 158, was controlling authority that the appellant has but a life estate in the land, and the judgment is affirmed.