# Blair et al., Appellants, *v.* Oliver.

*Wills—Trusts and trustees—Vested and contingent estates— Death of children before or after testator's death.*

Where a testator gives his estate to trustees to manage and make certain payments thereout, and provides that, in ten years from the date of his death, or at any time before the expiration of such ten years, the trust shall terminate at the discretion of the trustees,

and gives the estate then in the hands of the trustees to his six children, naming them, in equal proportions, and further directs that "upon the death of any of my children leaving issue the share of each child shall be distributed to each of his or her children, and upon the death of any of my children without issue, such shares shall be distributed to his or her heirs being of my blood or such thereof as such child shall have designated by his or her last will and testament," the testator did not contemplate the death of his children before himself, but their death before distribution, and the children, therefore, took an estate contingent upon their or their issue living until the distribution was made.

Argued March 9, 1920. Appeal, No. 135, Oct. T., 1919, by plaintiffs, from judgment of C. P. Allegheny Co., July T., 1919, No. 1832, for defendant, on case-stated, in suit of Mary Oliver Blair and George S. Oliver v. Augustus K. Oliver. Before Brown, C. J., Stewart, Frazer, Walling, Simpson and Kephart, JJ. Affirmed.

Case-stated to determine marketability of real estate.

From the record it appears that plaintiffs are two of the six children of George T. Oliver, deceased, and that they agreed to sell a fee simple interest in certain real estate passing under the will of their father.

Other facts appear by the opinion of Shafer, P. J., as follows:

The action is assumpsit for the purchase money of land and a case-stated in the nature of a special verdict has been filed by the parties, in which it is agreed that if the court shall be of opinion that the title of the plaintiffs to the land sold is, under the will of George T. Oliver, deceased, which is made part of the case-stated, a vested one-sixth interest, not liable to be defeated by the death of such plaintiffs without issue, judgment shall be entered for the plaintiffs in the sum of $1,600, and otherwise for the defendant. It is expressly agreed that the conveyance shall be subject to the trust created by the will.

The will of George T. Oliver gives all of his estate to three trustees, in trust to pay his debts and after their payment to distribute the estate in their hands to the beneficiaries named in the will. It gives the trustees power to manage the property and to make certain payments in their discretion, and provides that, in ten years from the death of the testator, or at any time before that date the trustees may deem expedient, the trust shall terminate; and it gives, devises and bequeaths the equal one-sixth part of his estate then in the hands of the trustees to each of his children, naming them, and authorizes his trustees in their discretion to make distribution in whole or in part at any time before the expiration of ten years. The will then continues: "Upon the death of any of my children leaving issue, the share of each child shall be distributed to each of his or her children, and upon the death of any of my children without issue, such share shall be distributed to his or her heirs, being of my blood or such thereof as such child shall have designated by his or her last will and testament."

It is contended by the plaintiffs that the effect of these provisions is to give each of the children a vested interest in one undivided sixth of the property, subject to the trust; and on the part of the defendant that the interests of the plaintiffs are contingent upon their living until the distribution is made.

As we view the matter, the interpretation of this will depends entirely upon the determination of the question whether the death of testator's children upon which a distribution is ordered to be made means death before the testator or death after the testator. In the latter case the gifts are clearly contingent, at least until the time of distribution, and in the former they were vested at the death of the testator. There is a general rule recognized in a multitude of cases which refers a period of survivorship to the death of the testator in the ab-

sence of a fair indication in the will that the testator meant otherwise: Stoner v. Wunderlich, 198 Pa. 158.

The word "surviving" or "living" is not used in this will, but the phrase "that upon the death of my children," which must mean "if my children should die," has precisely the same effect in a different form, that of applying one rule to children who survive and another to those who do not.

The whole case, therefore, turns upon the question whether or not there is anything in the will which indicates that the testator referred the death of his children spoken of by him to a period after his own death. There is but one clause of the will which seems to bear upon the matter, one way or the other, and that is the provisions that upon the death of any of his children without issue their share shall go to the heirs of his blood, "or such thereof as such child shall have designated by his last will and testament." We are unable to see how the testator could have meant that any of his children in his lifetime should designate those of his heirs of the blood of the testator to whom he desired that any part of the testator's estate should go.

We are of opinion, therefore, that these words contain a clear indication that the testator did not contemplate the death of his children before himself, but their death before the distribution. If this view be correct, the estates of the children are contingent. We think it doubtful if the testator meant to produce this result by the words of his will, but we must take them as they are. In this view of the meaning of the will, the plaintiffs cannot recover.

And now, September 22, 1919, it is ordered that judgment be entered on the case stated herein for the defendant and against the plaintiffs.

Plaintiffs appealed.

*Error assigned* was judgment for defendant, quoting it.

*David A. Reed,* of *Reed, Smith, Shaw & Beal,* with him *George D. Wick,* for appellants.

*Henry O. Evans,* with him *J. Garfield Houston,* for appellee.

PER CURIAM, May 26, 1920:

This judgment is affirmed by a majority of the court on the opinion of the learned president judge of the court below ordering it to be entered.

Judgment affirmed.