# Wettengel's Estate.

*Wills—Absolute gift to daughters—Cutting down estate by subsequent clause—Intention—Act of June 7, 1917, P. L. 403.*

1. Where the dominant purpose shown by a devise is to vest a fee, this estate cannot be stripped of its inherent attributes by subsequent words indicating an intent so to do.

2. If, however, from a consideration of all the words used by testator, the intent to give a restricted gift is clear, it must be. allowed effect.

3. Where a testator gives his estate to his wife for life, and after her death an absolute estate to three daughters, and immediately thereafter directs that if any of the daughters shall die, "either before or after my death, without leaving issue to survive them," then her share shall go to the survivors, the daughters take interests subject to be divested by their respective deaths in the lifetime of one another.

4. In such case testator contemplated the death of the legatee at any time either before or after his own death, thus excluding the idea that he meant only to provide for what should happen in the event of the death of one or more of the legatees during the continuance of the life estate of his widow.

5. The question of definite or indefinite failure of issue is not involved, and the Act of June 7, 1917, section 14, P. L. 403, has no application.

6. In entering a decree that each daughter, all being then alive, should give a bond conditioned that, on her death, the principal shall be paid to the parties entitled thereto in remainder, the court will not pass on the question as to what, on the death of the last survivor, will be the final distribution of the property involved.

Argued October 11, 1923. Appeal, No. 108, Oct. T., 1923, by Amanda A. Wettengel Boyd, daughter, from decree of O. C. Allegheny Co., Dec. T., 1922, No. 89, dismissing exceptions to adjudication in estate of George· Wettengel, deceased. Before MOSCHZISKER, C. J., FRA-· ZER, WALLING, KEPHART and SCHAFFER, JJ. Affirmed.

Exceptions to adjudication. Before MILLER, P. J.

The opinion of the Supreme Court states the facts.

Exceptions dismissed: 71 Pittsburgh L. J. 372. Amanda A. Wettengel Boyd, a daughter of testator, appealed.

*Error assigned* was, inter alia, decree, quoting it.

*Owen S. Cecil,* with him *William J. Barton,* for appellant.—Death without issue refers to death during the intervening life estate: Mayer v. Walker, 214 Pa. 441; McAlpin's Est., 211 Pa. 26; Stark's Est., 264 Pa. 232.

Where the devise or bequest is absolute in first instance, Act of July 9, 1897, P. L. 213, has no application: Siegwarth's Est., 33 Pa. Superior Ct. 622; McKee v. Trust Co., 64 Pa. Superior Ct. 199; Dilworth v. Land Co., 219 Pa. 527; Patterson v. Reed, 260 Pa. 319.

The time for distribution as fixed by testator is at death of his wife, the life tenant.

A positive grant, and absolute estate, should not be taken away by implication: Stille's Est., 69 Pa. Superior Ct. 56; Ault v. Karch, 220 Pa. 366.

*Charles W. Jones,* for appellees, cited: Smith v. Piper, 231 Pa. 378; English's Est., 270 Pa. 1.

OPINION BY MR. CHIEF JUSTICE MOSCHZISKER, January 7, 1924:

George Wettengel died December 11, 1914, leaving a will, dated January 29, 1908, wherein he gave his entire estate to his widow for life, and provided that, "After the death of my said wife, I dispose of my estate as follows," making several specific bequests and this residuary devise: "I give......unto my daughters, Emma E. Wettengel, Amanda A. Wettengel and Nellie V. Wettengel, and to their heirs and assigns in equal shares and proportions all the rest, residue and remainder of my estate ......and I order and direct that should any of my said three daughters......die, either before or after my death, without leaving issue to survive them, then the

share of my estate herein devised and bequeathed to my said daughter so dieing, shall go to the survivors or survivor of my said three daughters."

Testator left a widow, one son and six daughters, including the three already named above; the widow subsequently died, and, upon the audit of an account of testator's estate, the court below decided that the interests of the above named three daughters were subject to be divested by their respective deaths in the lifetime of one another; therefore, in making distribution, the court ordered that each of them should give a bond, with approved sureties, in a sum fixed, conditioned "that, at her death, the principal will be paid to the parties entitled thereto in remainder." Amanda A. Wettengel Boyd, one of the legatees, appeals from the decree, contending that the shares of the several daughters, including her own, should be awarded to them absolutely.

While testator, in the above-quoted residuary clause of his will, makes the devise to his three daughters and "their heirs and assigns," he immediately follows this apparently absolute gift by words plainly indicating a contrary intent. We have repeatedly held that where the dominant purpose shown by a devise is to vest a fee, this estate cannot be stripped of its inherent attributes by subsequent words indicating an intent so to do: Pattin v. Scott, 270 Pa. 49, 51, and cases there cited; Long's Est., 270 Pa. 480, 485-6. On the other hand, we have probably as often held that, in finding the controlling intention, all the words used by testator should be taken into account, and, if the intent to restrict the gift is clear, it must be given effect: Smith v. Piper, 231 Pa. 378, 384; Schuldt v. Reading Tr. Co., 270 Pa. 360, 364; Edwards v. Newland, 271 Pa. 1, 4. The present will falls fairly within the last stated rule.

In the case before us, the real and controlling question is, Did testator intend to fix the dates of the deaths of the respective residuary legatees as the times when the survivorships between them, or the estates to be enjoyed

by the issue of those leaving issue, were to take effect? In answering this question, the court below correctly decided that, since testator in plain words states the shares of the respective legatees shall pass to the survivors or survivor on the death of any of his three daughters, "either before or after [his own] death, without leaving issue to survive them," his intention that the date of the death of each legatee shall be determinative is conclusively shown; these survivorships are not restricted to their occurrence within any fixed period of time. In other words, the rule of construction whereby, under some circumstances, we conclude that the testator must be taken to mean death of the legatee in his, the testator's, own lifetime or during a life estate preceding a remainder, can have no application here, because this testator has clearly indicated by plain words that he contemplated the death of the legatees at any time, either before or after his own death, thus excluding the idea, contended for by appellant, that he meant only to provide for what should happen in the event of the death of one or more of the legatees during the continuance of the precedent life estate.

The effect of the Act of 1897, P. L. 213,—which, as to devises and bequests is repealed, and its language incorporated in section 14 of the Wills Act of 1917, P. L. 403, 408,—is largely discussed both in the opinion of the court below and in the briefs of counsel. The real purpose of this legislation was to make a general rule, different from that theretofore prevailing, so as to facilitate the construction of wills wherein expressions like "die without issue" are used, and, particularly, to ordain that unless a contrary intent plainly appears, such expressions shall be construed to mean failure of issue in the lifetime or at the death of the legatee, and not indefinite failure of issue: English's Est., 270 Pa. 1, 5-7.

The question of definite or indefinite failure of issue is not involved in the present case, however, since both sides seem to concede, so far as failure of issue is concerned,

testator meant a failure within a definite period, the sole question between them on that score being whether he meant to provide for the occurrence of this definite failure only before the expiration of the precedent life estate of the widow, or, more broadly, upon the death of a legatee at any time. Testator's words make his meaning clear; the provision for a failure of issue clearly contemplates a definite failure at the date of the death of a legatee, be it, as the will says, at any time either before or after testator's own death.

We say the will itself plainly means a definite, rather than an indefinite, failure of issue, because, in addition to other indications, it provides for the estates over, on default of issue of the first takers, passing to survivors, who were persons in being at the date of the will, which is usually accepted as indicating a testamentary design for a definite failure of issue (Mebus's Est., 273 Pa. 505, 516; Stoner v. Wunderlich, 198 Pa. 158, 163, and cases there cited) ; so the act of assembly need not be called on to determine that question, though, if it were resorted to, the same result would follow. Finally, the act is of no aid in deciding as to the date when the survivorships between the legatees shall take effect; as before said, the will itself clearly states that these become effective on the death of a legatee, without issue then alive, at any time either before or after the death of testator.

We see no error in the decree appealed from, and agree that the court below was not obliged to determine at this time, when the legatees are all alive, what, on the death of the last survivor, will be the final destination of the property involved; it is unnecessary to anticipate now the facts as they may exist then, or to decide the law applicable thereto.

The assignments of error are overruled and the decree is affirmed at cost of appellant.