# Seewald's Estate.

*Wills—Construction—Death without issue—Survivorship—Acts of July 9, 1897, P. L. 213, and June 7, 1917, P. L. 403.*

1. Both before and since the Acts of July 9, 1897, P. L. 213, and June 7, 1917, P. L. 403, where an absolute estate has been devised, followed by a gift over in event of the death of the donee without issue, such words will be construed as referring to death without issue in the lifetime of testator if the gift is immediate, or during continuance of the life estate if the gift is not immediate; and if the donee survives testator or the continuance of the intervening estate, his interest becomes absolute.

2. Such general rule applies unless there is somewhere in the will language indicating a contrary intent on part of testator.

3. The fact that there was an annunity charged against the land does not prevent the application of the rule, where the effect of the

annuity is merely to reduce the value of the gift by subjecting the property to a fixed charge for an indicated period of time, and where it has no bearing on the question as to the time when the gift should become absolute.

4. Where the gift is to two sons and should either of them "die without issue, living at the time of his death, then in such case" to the survivor, the requirement that the issue should be living at the time of the son's death is without effect as a limitation on the estate given to the sons.

5. Such provision merely adds a further condition to the devise by requiring not only that the son dying should have had issue, but also that such issue must be actually living at the time of the son's death.

6. Stoner v. Wunderlich, 198 Pa. 158, distinguished by the fact that there the annuity was to be paid by the son, which indicated that the son should survive testator.

Argued October 14, 1924. Appeal, No. 131, Oct. T., 1924, by Christopher A. Seewald, devisee, from decree of O. C. Allegheny Co., March T., 1924, No. 3, awarding partition in estate of Peter Seewald. Before MOSCH-ZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Petition for partition. Before TRIMBLE, J.

The opinion of the Supreme Court states the facts.

Partition awarded. Christopher A. Seewald, devisee, appealed.

*Error assigned* was decree, quoting it.

*A. Devoe P. Miller,* with him *Thomas Lawry,* for appellant.—It was the intention of testator to convey to Charles Seewald a title in fee subject to be defeated by his failure to have issue born to him at the time of his death: English's Est., 270 Pa. 1; Wettengel's Est., 278 Pa. 571; Livezey's App., 106 Pa. 201; Shornhorst v. Jacob, 272 Pa. 223; Miller's Est., 145 Pa. 561; McMasters v. Negley, 152 Pa. 303; Beckley v. Riegert, 212 Pa. 91; Bender v. Bender, 226 Pa. 607; Souder's Est.,

203 Pa. 293; Middlesworth's Admr. v. Blackmore, 74 Pa. 414.

*James A. Nugent,* with him *Joseph F. Mayhugh,* for appellee.—The time referred to by the words of a testator in a will providing for the death of a donee and the substitution of another, or fixing the period of survivorship, is unaffected by the Acts of 1897 and 1917, and the intention of the testator must still be gathered from the words of the will, taking into consideration the surrounding circumstances, his family and the amount and character of his property, all aided by the well-established canons of construction, when necessary: Siegwarth's Est., 33 Pa. Superior Ct. 622; McKee v. Lawrence S. & T. Co., 64 Pa. Superior Ct. 199; Dilworth v. Land Co., 219 Pa. 527; Lewis v. Link Belt Co., 222 Pa. 139; Smith v. Piper, 231 Pa. 378; Patterson v. Reed, 260 Pa. 319; Price's Est., 260 Pa. 376; English's Est., 270 Pa. 1; Deeter's Est., 280 Pa. 135; Morrison v. Truby, 145 Pa. 540; Neubert v. Colwell, 219 Pa. 248; McAlpin's App., 211 Pa. 26; Richards v. Bentz, 212 Pa. 93; Ault v. Karch, 220 Pa. 366.

OPINION BY MR. JUSTICE FRAZER, November 24, 1924:

Peter Seewald died leaving a will in which, by the fourth item, he devised to two of his sons in fee a lot of ground situated in the First Ward of the Borough of Braddock, upon which is erected a two-story brick building fronting on Braddock Avenue, subject to the payment of an annuity to another son, Peter, for life, and further provided that "should either of my sons, Christopher A. Seewald or Charles Seewald die without issue, living at the time of his death, then, in such case, I give and devise his interest in the above-mentioned property to the surviving one." The two sons named in the devise survived their father. Charles was unmarried at the time testator died but Christopher was married and had three children living. Charles Seewald subse-

quently married and died in 1924, without issue, leaving by his will, his entire estate to his widow, who petitioned the orphans' court to make partition of the real estate subject to the above-mentioned devise. Christopher Seewald, by his answer to the petition, denied the widow of his brother had any interest in the property, objected to the granting of partition, and claimed that, since petitioner's husband died without issue, the entire title vested in respondent as survivor. The court entered a decree ordering partition and Christopher appealed.

The sole question for determination here is whether testator, by the clause providing that if either of his sons die without issue living at the time of his (the son's) death, the property in question should pass to the survivor, referred to death without issue in testator's lifetime, or whether the clause should be construed to mean death without issue at any time before or after the death of testator.

The Act of July 9, 1897, P. L. 213, subsequently incorporated in section 14 of the Wills Act of June 7, 1917, P. L. 403, provides that the words "die without issue," or words of similar import, shall, in absence of contrary intent, be construed to mean a definite and not an indefinite failure of issue. The rule established by numerous decisions both before and since this legislation is that where an absolute estate is devised, followed by a gift over in event of the death of the donee without issue, such words will be construed as referring to death without issue in the lifetime of testator if the gift is immediate, or during continuance of the life estate if the gift is not immediate, and if the donee survives testator or the continuance of the intervening estate, his interest becomes absolute: Mickley's App., 92 Pa. 514; Patterson v. Reed, 260 Pa. 319-322. This rule controls here.

In the present case the gift is immediate and an absolute estate, consequently the general rule stated must apply unless there is somewhere in the will language indicating a contrary intent on the part of tes-

tator. The only provisions which affect the devise are, first, the fact that there was an annuity charge against the land and, second, that the words "die without issue" are followed by the clause "living at the time of his death." These clauses, however, are not sufficient to show testator contemplated the residuary gift taking effect, if at all, at the death of the son rather than at his own death. So far as the annuity is concerned, the effect was merely to reduce the amount or value of the gift to the two sons by subjecting the property to a fixed charge for an indicated period of time. It has no bearing on the question as to the time the gift to the son should become absolute. The requirement that the issue should be living at the time of the son's death is likewise without effect as a limitation on the estate given the sons, nor does it aid in determining the period at which death should occur to make the remainder effective. It merely adds a further condition to the devise by requiring not only that the son dying should have had issue but also that such issue must actually be living at the time of the son's death. The case accordingly falls directly within the statutory provisions, without contrary intent appearing from the will, and within the rule of Patterson v. Reed and Mickley's App., supra.

Morrison v. Truby, 145 Pa. 540, though decided previous to the Act of 1897, contained a provision identical with the one now before us, and the words were construed as referring to death without issue in the lifetime of testator. Stoner v. Wunderlich, 198 Pa. 158, relied on by appellant, was decided after the Act of 1897. The will in that case required the devisee to pay to his mother, during her natural life, $60 per annum. The court held that by this provision testator anticipated the payment of an annuity at the only time it could be paid, to wit, after his death, which fact indicated he contemplated his son would survive him and that his dying without issue would occur subsequent to testator's death. There is a distinction between that case and

this, in that, the direction to pay the annuity was made in the following language "he to pay to his mother, during her natural life, $60 per annum." We find no personal obligation placed on the devisee in the case in hand; the annuity, on the contrary, is made a charge directly on the property, the provision being that the annuity is to be paid in monthly installment," "from and charged upon the lots devised to my sons Christopher A. Seewald and Charles Seewald, or by the holders of the real estate devised to said sons, and mentioned in the fourth item in this will." This language fails to constitute a direction to the sons to pay the annuity personally but merely creates a charge against the property devised to them and accordingly decreases the value of the estate to that extent.

The decree of the court below is affirmed at costs of appellant.