Sharples's Estate.

Argued April 22, 1931.   Before FRAZER, C. J., WALL-
ING, SIMPSON, KEPHART, SCHAFFER and MAXEY, JJ.

*Lewis Lawrence Smith,* of *Smith & Strong,* for appel-
lants, Paul W. Sharples and Pennsylvania Company for

Insurances on Lives and Granting Annuities, Florence M. Sharples et al., executors.—The cases cited in the adjudication, while stating a recognized practice that courts may not give advisory opinions on questions which are pertinent only to future conditions, are not applicable to the present situation, where present rights are involved and where the interpretation must necessarily be the same now as in the future and where all parties interested are represented in court: Willard's App., 65 Pa. 265..

While courts may not decide questions before they arise, yet it is distinctly their duty to decided questions of interpretation when present rights are involved: Hano's Est., 8 Pa. Dist. 353; Kimberly's Est., 249 Pa. 475; Tyson's Est., 191 Pa. 218; Hazard's Est., 253 Pa. 447; Mickley's Est., 92 Pa. 514; Patterson v. Reed, 260 Pa. 319; Jackson's Est., 179 Pa. 77; Little's Est., 91 Pa. Superior Ct. 245.

*Edward W. Madeira,* with him *Henry B. Coxe, Jr.,* for appellee.

OPINION BY MR. CHIEF JUSTICE FRAZER, June 27, 1931:
These two appeals are from dismissal of exceptions to an adjudication of the Orphans' Court of Philadelphia County. The will and six codicils of Francis W. Sharples, deceased, form an extended testamentary writing, of which we are here concerned with only two paragraphs, the first of which is altered by a codicil.

Francis W. Sharples, who died December 23, 1929, made bequests, among others, to two nephews and a niece, brothers and sister, under the provisions of the 21st paragraph of the will (as modified by a codicil), in which he divided his residuary estate into three parts. As to two of these parts, he deducted $25,000 from each and gave the two amounts so deducted to the Pennsylvania Company for Insurances on Lives and Granting Annuities of Philadelphia, in trust to pay the income

therefrom to his nephews Walter M. Sharples, Jr., and Paul W. Sharples, respectively, and "upon decease [of each], the principal to [the beneficiary's] children and issue of deceased children then living in equal shares per stirpes absolutely," and in default of children or issue of deceased children, then to each beneficiary's brothers and sisters or their children and issue of deceased children in equal shares per stirpes, absolutely; and the remainder of each one-third part, after setting aside the $25,000 trust, testator gave and devised absolutely to each of his nephews named. The whole of the remaining one-third of his residuary estate testator devised and bequeathed to the Pennsylvania Company for Insurances, etc., above named and Walter M. Sharples, Jr., in trust for his niece Florence S. Whitridge (formerly Lippincott, as her name appears in the will) for life with remainder at her decease to her then surviving child or children and the issue of any deceased child or children in equal shares per stirpes, and in default of such children or issue, in trust to grant, assign and transfer this trust estate to her brothers and sister or their children and issue of deceased children in equal shares per stirpes absolutely. By the 22d paragraph of the will, immediately following, testator provided: "In the event of the death of all the said children of my brother Walter M. Sharples, viz.: Walter M. Sharples, Jr., Helen May Sharples Andrews, Paul W. Sharples and Florence S. Lippincott, without leaving any children or issue to survive them then I give and bequeath the sum of ten thousand dollars to each of the following institutions, viz.: Children's Hospital, Children's Aid Society and the Society for the Prevention of Cruelty to Children all located in the City of Philadelphia."

Helen Andrews, dying without issue, predeceased testator and a gift to her contained in the original will was eliminated by the first codicil. At the time of testator's death, Walter, Jr., Paul and Florence were living as was also a child of Paul. The orphans' court dis-

tributed the estate giving effect to all present interests defined in paragraph 21, but postponed without prejudice the determination of the charitable institutions' future rights, on the theory that distribution and final settlement could not be made thereunder until the deaths of Walter, Jr., Paul and Florence.

Appellants contend for an interpretation of the 22d paragraph at the present time. They argue that the 22d paragraph should be considered independently of the 21st and be interpreted to mean that the contingency upon which the gifts to charities arise is the death of Paul, Walter and Florence without issue before the death of testator, and that inasmuch as the 22d paragraph is independent of the life estates in the 21st paragraph, the rule enunciated by this court in Mickley's Appeal, 92 Pa. 514, and Seewald's Estate, 281 Pa. 483, should be applied and the gifts to charities,—in view of the fact that the above three legatees did not die without issue before testator's death,—should be struck down.

We see no merit in the contention that under the doctrine in the above cited cases, the gift over in the event of death of the two brothers and sister "without leaving any children or issue to survive them," must be construed as referring to death of devisees without issue in the lifetime of testator, since this is a rule of construction to carry out the presumed intention of a testator, and it is obvious from the wording of paragraph 22 that testator had no such intention. It would appear that paragraph 22 is a continuation of the testamentary thought in paragraph 21 and was added to provide for the contingency of the nephews and niece dying, after the death of testator, without issue.

Appellants suggest that no specific fund is provided for payment of the $30,000 gift to charity, and contend that as the principal of the two $25,000 trust funds of Walter, Jr., and Paul,—upon either dying as the last survivor of the three and their issue,—would be insufficient to discharge in full the gifts to charity, the prin-

cipal of the trust fund provided for Florence, which admittedly exceeds $30,000, would, at her death as the last survivor of the two brothers and sister and their issue, provide the only source out of which the charitable gifts mentioned in the 22d paragraph could be paid. This contention admits the possibility of participation, at a future time, by the charities, in testator's estate, and brings us to the question now up for decision.

In Douglas's Estate, 303 Pa. 227, 232, we recently repeated the observation that, " 'It would, perhaps, be a very convenient practice immediately upon the death of a decedent to have all possible questions which might arise upon the construction of a will, and in the settlement and distribution of his estate, settled by a decree of the orphans' court in limine, and by way of anticipation, and, by an appeal to the Supreme Court from such a decree, have a final and conclusive determination of the subject. It would certainly save counsel a great deal of responsibility in giving advice. But the acts of assembly which confer jurisdiction on the orphans' court may be searched in vain for any such power.' " At the present time Walter, Jr., Paul and Florence are alive and we are aware of no method by which this or any court can determine who the parties in interest—all of whom will be entitled to be heard—may be when, if ever, it is claimed the contingency has been fulfilled, and the charities appear to claim the money given by testator in paragraph 22. As we said in Tyson's Estate, 191 Pa. 218, 224, "No man and no court can foresee the state of facts that may occur in the future, and ex facto oritur jus. In no class of cases is this truer than in those arising under wills. It is the unexpected, the condition of facts unforeseen, and therefore unprovided for, that gives rise to most of such litigation." The interpretation placed upon the 22d paragraph by the auditing judge in so far as he gave Walter, Jr., Paul and Florence their present life interest as defined by paragraph 21 (as modified), and postponed determination of future

rights of persons or charities in whom the principal of these life estates will ultimately vest absolutely, is correct. It is the furthest extent to which the court can adjudicate the interests of these three individual legatees at the present time. The court must follow testator's distributive directions and accordingly is not at liberty at this time to set aside funds, out of which to pay the charities on a future unfulfilled contingency, nor, in the meantime, to attempt to settle all questions of interpretation under the will, affecting present and future parties. No hardship, remediable by this court, is worked upon accountants in withholding legal advice touching a situation impossible to foresee. In the action of the orphans' court in this regard and in the other matters raised upon this appeal, we find no error.

Decree of the court below is affirmed; costs to be paid out of the estate.