## Lerch's Estate.

24

Argued February 1, 1932. Before Frazer, C. J., Simpson, Kephart, Schaffer, Maxey and Drew, JJ.

*J. L. Davis,* of *Woodley & Davis,* with him *Everett Kent,* for appellant.—The purpose of the construction of a will is to ascertain the intention of the testator as expressed by the words of the will viewed in the light of attending circumstances: Jackson's Est., 179 Pa. 77; Smith's App., 23 Pa. 9; McFarland's App., 37 Pa. 300; Cheetham v. Muhlenberg, 133 Pa. 309; Heck's Est., 170 Pa. 232; France's Est., 75 Pa. 220; Stehman's App., 45

Pa. 398; Galbraith v. Swisher, 19 Pa. Superior Ct. 143; Sunderland's Est., 203 Pa. 155; Cooper v. Leaman, 212 Pa. 564; Hogg's Est., 27 Pa. Superior Ct. 428; Richards v. Bentz, 212 Pa. 93; Mayer v. Walker, 214 Pa. 440; Throckmorton v. Thompson, 34 Pa. Superior Ct. 214; Siegwarth's Est., 33 Pa. Superior Ct. 622; Neubert v. Colwell, 219 Pa. 248; Ault v. Karch, 220 Pa. 366; Patterson v. Reed, 260 Pa. 319; Seewald's Est., 281 Pa. 483; Freeman's Est., 291 Pa. 448; Wettengel's Est., 278 Pa. 571.

*J. W. Paff*, of *Smith & Paff*, for appellee.—Appellant contends that under a portion of the third paragraph in the will he is entitled to a fee simple in this real estate. This is error: Jessup v. Smuck, 16 Pa. 327; Sheet's Est., 52 Pa. 257; Mitchell v. Pittsburgh R. R., 165 Pa. 645; Snyder's App., 95 Pa. 174; Shriver's Est., 9 Phila. 354; Mack's Est., 16 Phila. 304; Souder's Est., 203 Pa. 293; Stoner v. Wunderlich, 198 Pa. 158; Smith v. Piper, 231 Pa. 378; Schuldt v. Tr. Co., 270 Pa. 360; Edwards v. Newland, 271 Pa. 1, 4; Lewis v. Belt Co., 222 Pa. 139; Daniel's Est., 27 Pa. Superior Ct. 358; Dilworth v. Land Co., 219 Pa. 527; Smith v. Piper, 231 Pa. 378; Waldron v. Wahl, 286 Pa. 237.

OPINION BY MR. JUSTICE SIMPSON, March 14, 1932:

This is a proceeding under the Act of June 18, 1923, P. L. 840, known as the "Uniform Declaratory Judgments Act," though it specifically provides for declaratory decrees as well as declaratory judgments. The single question to be decided is: Did Ralph E. Lerch, the petitioner, acquire a fee simple title under the will of his mother, Mary E. Lerch, to premises 509 and 511 Market Street, Bangor, Pa.? The court below decreed that he did not and dismissed his petition, and he now appeals. The decree must be reversed.

The circumstances attending testatrix at the time she executed her will, which probably influenced her,

and which are, as always, important factors in determining its meaning (Brooklyn Trust Co. v. Warrington, 277 Pa. 204, 207, and cases cited therein), are as follows: The will is dated August 8, 1908, and testatrix died December 27, 1908. She left surviving her, her husband, who died May 31, 1924; her son, Ralph E. Lerch, the petitioner, who was about six years of age when the will was made and is still living; her mother, Elizabeth Ettinger, who died April 24, 1916; her sister, Lillie Achenbach, the respondent, who is still living; and her brother, Daniel Ettinger, who is still living and was made a party to the proceedings, but has not appeared to contest the son's claim to own the property in fee. Her father, Alfred Ettinger, who is named in the will, is dead, but the date of his death is not given.

Keeping these facts constantly in mind, let us turn to the will and interpret it in the light thereof, as common sense and the relevant authorities show we should. After stating her wishes in regard to her interment, and giving to her mother and son, "their *heirs* and assigns," her household furniture, she proceeds: "Second: I give, devise and bequeath unto my father Alfred Ettinger, my mother, Elizabeth Ettinger and unto my sister, Lillie Achenbach, the free and uninterrupted use of two rooms in my house No. 509 Market Street, Bangor, Pa., so long as they or either of them shall live, they to provide my son, Ralph E. Lerch, a home with them, he to pay his board to them or either of them that may reside there.

"Third: I give, devise and bequeath unto my son, Ralph E. Lerch, all my property real, & personal, whatsoever and wheresoever the same may be at the time of my decease, he to have and to hold the same absolute and forever; in the event of his death without issue I give, devise and bequeath the same unto my father Alfred Ettinger, my mother Elizabeth Ettinger, and my sister Lillie Achenbach, share and share alike, their heirs and assigns forever. In the event of the death of either of them the same to be divided equal with the survivor,

their heirs and assigns forever. I hereby direct that my executor hereinafter named rent the real estate I may own, and keep the same in proper repair, and the remainder of the rents thereof to be used for the support and maintenance of my son, Ralph E. Lerch, who is partly deaf."

. Testatrix then specifically locates the two rooms referred to in the second paragraph above, and adds "as to all the rest, residue and remainder of my estate...... I do hereby give and bequeath as above set forth."

The legal principles to be applied in interpreting this will are clear. "Where there is an absolute gift of a thing, later words in the same instrument will not operate to reduce the estate thus given, unless it is reasonably certain that such was the intention of the donor: Robinson's Est., 282 Pa. 531:" Mallory's Est., 285 Pa. 186, 189. "Where words sufficient to vest an absolute estate are used in a will, such interest is not to be cut down by subsequent provisions, unless the testator has indicated a clear intent to take away the estate previously given:" Cross v. Miller, 290 Pa. 213, 216; Billmyer v. Billmyer, 296 Pa. 31, 33.

It is conceded by appellee, and many cases so decide, that prior to the Act of July 9, 1897, P. L. 213, (Act No. 172), which was in force when testatrix died, and is now supplanted and renewed by section 14 of the Wills Act of June 7, 1917, P. L. 403, 408, the words "in the event of his death without leaving issue," as used in this will, or any words of similar import, if they followed language importing an absolute estate, would have been construed as meaning death in the lifetime of the testatrix. Appellee contends, however, that this conclusion was changed by the Act of 1897. That statute provides that thereafter such words "shall be construed to mean a want or failure of issue in the lifetime or at the death of such person, and not [an] indefinite failure of issue, unless a contrary intention shall appear by the deed, will or other instrument in which such gift, grant, de-

vise or bequest is made or contained." It is no longer an open question, however, that the statute does not affect cases like the present. In Seewald's Est., 281 Pa. 483, 486, we said: "The rule established by numerous decisions both before and since this legislation [Acts of 1897 and 1917, supra] is that where an absolute estate is devised, followed by a gift over in event of the death of the donee without issue, such words will be construed as referring to death without issue in the lifetime of testator if the gift is immediate, or during continuance of the life estate if the gift is not immediate, and if the donee survives testator or the continuance of the intervening estate, his interest becomes absolute: Mickley's App., 92 Pa. 514; Patterson v. Reed, 260 Pa. 319, 322." This conclusion is confirmed in Waldron v. Wahl, 286 Pa. 237, 241; Smith's Petition, 291 Pa. 129, 135; and Sharples's Est., 305 Pa. 12, 15, and is quoted with approval in Seeley v. Munger, 297 Pa. 283, 285. It has never been qualified. It follows that, unless the legislature amends the act, our construction of it, as above, must have the same effect as if written into the body of the statute at the time of its enactment, and should not be altered by the courts, since so doing might result in unsettling titles to real estate, supposed to be vested because of that construction: Bingaman's Est:, 281 Pa. 497.

Applying these principles to the present will, we must sustain appellant's main contention. The gift of the property to him "to have and to hold the same absolute and forever," standing alone, would unquestionably give him a fee; and this estate, under the authorities cited, is not affected by the gift over "in the event of his death without issue," since he, in fact, survived testatrix. We are of opinion, therefore, that the true construction of the gift to the son is to vest in him a fee.

Nor is this character of estate affected by the later provision under which appellee, as executrix, is to rent and repair the property, collect the rents, "the remainder of the rents thereof to be used for the support and

maintenance of my son." In view of the prior gift to the son of a fee simple title to the property, this new provision must be held to apply, as in the case of a guardian of a minor's estate, only during the son's minority. Under such circumstances, the words "for the support and maintenance of my son," normally apply only to that period of life. When the will was made and when testatrix died the son was but about six years of age, could not be expected to attend to the real estate properly, and would, during minority, need some one else to do it, who would suitably apply the net rents to his "support and maintenance." Presumptively, testatrix knew that, after he reached full age, there would be no such need, and hence provided only for the time the need would normally exist.

What we have said does not affect appellee's right to a life estate in the two rooms referred to in the second paragraph of the will, and particularly designated in the later provision, hereinbefore referred to, but not quoted. Nothing in this record leads to the conclusion that appellee has lost the right to occupy these rooms. True, she does not now use them as a home, but neither does appellant so occupy the rest of the house. She has not given up the right to occupy them, however; on the contrary, she has been continuously in possession of the property since the death of testatrix's husband on May 31, 1924, though the son has been of full age during all that time.

The decree of the court below is reversed, without costs to either party, and it is now decreed that Ralph E. Lerch, the petitioner, is the owner in fee of Nos. 509 and 511 Market Street, Bangor, Pa., particularly described in the petition in this case, subject, however, to the right of Lillie Achenbach, respondent herein, to occupy, use and enjoy, during her lifetime, the two rooms particularly described in the will of testatrix.