Davenport et al., Appellants, *v.* Graham.

Argued December 1, 1941. Before SCHAFFER, C. J.; MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*Thomas P. Johnson,* with him *Sherman T. Rock, Reed, Smith, Shaw & McClay* and *Gerald D. Prather,* for appellants.

*Albert L. Thomas,* of *Thomas & Kiebort,* for appellee.

OPINION BY MR. JUSTICE STERN, January 5, 1942:

The will of Jane A. Dickson, who died in 1922, contained four paragraphs; in the first she devised her homestead on North Street, Meadville, to her grand-niece Marion Woods Davenport, "to have and to hold the same unto the said Marion Woods Davenport, her heirs and assigns forever, but subject to the provisions of item fourth of this will"; in the second she devised a house and lot to her grand-nephew, George Seiple Davenport, his heirs and assigns, "but subject to the provisions of the fourth item of this my will"; in the third she devised and bequeathed all the rest and residue of her estate to Marion Woods Davenport and George Seiple Davenport, to be divided equally between them. The fourth paragraph was as follows: "In case the said Marion Woods Davenport or the said George Seiple Davenport shall die leaving no issue living at the time of such death, then it is my will that whatever remains of his or her share hereinbefore given and bequeathed shall go to and be divided between Frances M. Appleby, Margaret Ingraham, Mae Adelaide Crummel, and Frank H. Woods, my nieces and nephews." Marion Woods Davenport (by marriage Marion D. Wheeler) died in 1940, leaving no issue. The present question is whether the executor of Marion's estate can convey to a purchaser a fee simple title to the homestead devised to her in Jane A. Dickson's will.

"Where a testator in the first instance uses language suitable to the grant of a fee simple estate, but, by subsequent words, immediately following in the devise, indicates a dominant intent to give only a less estate, the latter purpose will be upheld": *Pattin v. Scott,* 270 Pa. 49, 51, 112 A. 911, 912; *Stanton v. Guest,* 285 Pa. 460, 132 A. 529. Since the first paragraph of the will expressly incorporates the fourth paragraph and makes it a part of the terms of the devise, it is clear that the

estate given to Marion was subject to an executory devise over to the named nieces and nephews in case Marion should die leaving no surviving issue, and in case also she did not, after the accrual of her title, dispose of the property during her lifetime. As only "whatever remains" (at Marion's death) was to go to the nieces and nephews, Marion had the right to convey (*Kennedy v. Pittsburg & Lake Erie R. R. Co.*, 216 Pa. 575, 65 A. 1102; *Allen v. Hirlinger*, 219 Pa. 56, 60, 67 A. 907, 908, 909; *Fassitt v. Seip*, 240 Pa. 406, 411, 87 A. 957, 959; *Edwards v. Newland*, 271 Pa. 1, 113 A. 742), but, since she failed to exercise that right, she could not dispose of the property by will if the condition occurred which brought the executory devise into effect, she not having, in that event, an absolute fee simple title: *Allen v. Hirlinger*, 219 Pa. 56, 60, 67 A. 907, 908, 909; *Edwards v. Newland*, 271 Pa. 1, 4, 113 A. 742, 743; *Walker's Estate*, 277 Pa. 444, 449, 450, 121 A. 318, 320.

The question is thus reduced to whether the event happened on which the executory devise was conditioned, that is, whether Marion died leaving no surviving issue within the meaning of that provision in the will. Was the death there referred to limited to death within the lifetime of the testatrix? Where an estate in fee simple is devised, but in the event of the death of the donee without issue another devisee is to be substituted, such a provision is generally construed to mean death without issue in the lifetime of the testator, and if the donee survives the testator his interest becomes absolute: *Mickley's Appeal*, 92 Pa. 514; *Seewald's Estate*, 281 Pa. 483, 486, 127 A. 63, 64; *Lerch's Estate*, 309 Pa. 23, 28, 159 A. 868, 869; *Crawford v. Withrow*, 314 Pa. 497, 500, 171 A. 894, 895. But there is a qualification of this rule of construction that it does not apply where the testator discloses an intention to the contrary, as, for example, by treating the first taker as living at a period subsequent to the testator's death, since the actual intention of the testator is always controlling. There are cases in abund-

ance * where wills providing for gifts over in the event of a devisee dying without issue have been construed to mean dying without issue whether before or after the death of the testator, because the will in each of those cases indicated that the testator did not intend to limit the time of the death to a period antecedent to his own. Examining the present will in the light of these precedents, the clause, "die leaving no issue living at the time of such death," must be interpreted as referring to a death without issue irrespective of when it might occur, for the reason that otherwise the provision that "whatever remains" should go to the nieces and nephews would be meaningless. Obviously there could not be any use, disposal, consumption or conveyance of the property by Marion until after the death of the testatrix, for then only would the latter's will go into effect and Marion's title accrue; if, therefore, the nephews and nieces could take by way of an executory devise only in case Marion died without issue during the lifetime of the testatrix, they could never succeed to the remnant of an unconsumed portion—"whatever remains"—but only to the entire property at the time of the testatrix's death. It being evident that the testatrix did not contemplate Marion's death as occurring before her own, the executory devise became effective upon the death of Marion without leaving issue, even though she survived the testatrix. The result is, as the court below properly held, that Marion's executor is not able to convey to defendant any title to the homestead.

Order or decree affirmed; costs to be paid by appellants.

* *Jessup v. Smuck*, 16 Pa. 327, 341; *Stoner v. Wunderlich*, 198 Pa. 158, 164, 47 A. 945, 947; *Field's Estate*, 266 Pa. 474, 477, 478, 109 A. 677, 678; *Blair v. Oliver*, 267 Pa. 434, 437, 110 A. 270, 271; *Mebus's Estate*, 273 Pa. 505, 516, 117 A. 340, 343; *Deeter's Estate*, 280 Pa. 135, 139, 140, 124 A. 416, 417, 418; *Kirkpatrick's Estate*, 280 Pa. 306, 310, 311, 124 A. 474, 475; *Waldron v. Wahl*, 286 Pa. 237, 241, 133 A. 252, 254; *Smith's Petition*, 291 Pa. 129, 135, 136, 139 A. 832, 834, 835; *Sharples's Estate*, 305 Pa. 12, 15, 156 A. 243, 244, 245; *Haydon's Estate*, 334 Pa. 403, 407, 408, 6 A. 2d 581, 583; *Calder's Estate*, 343 Pa. 30, 38, 39, 21 A. 2d 907, 911, 912.