# Hanna's Estate.

Argued April 14, 1942. Before SCHAFFER, C. J.; MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*Henry L. Snyder,* with him *Wilson A. Wert,* of *Snyder, Wert & Wilcox,* for appellant.

*Warren S. Spalding,* of *Fell & Spalding,* with him *Arcus F. Shaffer,* for appellees.

OPINION BY MR. JUSTICE STERN, May 11, 1942:

Is Hiram Gilbert given an estate absolute as to personalty and a fee simple as to realty, or is he given only a life estate, by the following will: "November 1, 1932. I, Henrietta Hanna, being of sound mind do bequeath to Hiram Gilbert what I possess and at his death it is to be divided equally between my sister Clara and brother John. Signed, Henrietta Hanna"?[1] The orphans' court held that he receives only a life estate.

The writing here to be construed is a holographic, informal will. It may fairly be said that no layman, reading it, would have any doubt that it was the intention of testatrix, clearly expressed, to give her property to Hiram Gilbert for life, with remainder to Clara and John. Appellant would have the will read as though it ended with the word "possess", ignoring the provision that at (or upon) his death the property was to be divided between the sister and brother of testatrix. Of course, had there been no such provision, an absolute, fee simple estate would undoubtedly have vested in appellant, because, even as to realty, the Act of June 7, 1917, P. L. 403, section 12, has eliminated the necessity of words of inheritance to pass the whole estate of the testator in the premises devised; that section further provides, however: "unless it appear by a devise over, or by words of limitation or otherwise in the will, that the testator intended to devise a less estate." Contrary to what would appear to be a surprisingly widespread impression, there is no technical rule in the construction of wills that where a testator uses language sufficient to

---

[1] The will as above stated was written by testatrix on the face of a bank check. On the reverse side of the check appears another will as follows: "November 1, 1932. I, Henrietta Hanna, being of sound mind do bequeath to Hiram C. Gilbert all that I possess. Upon the death of Hiram C. Gilbert everything is to be divided equally between my sister Clara and my brother John. Signed, Henrietta Hanna." As this language is substantially identical with that of the other will, it is unnecessary to determine which was the last in point of time.

grant an absolute or fee simple estate he cannot, by anything he may say thereafter, reduce the grant to a less estate. It is true that if he *does* devise an estate in fee simple he cannot subsequently strip it of attributes which the law regards as inseparable from such an estate, but he certainly can, if he employs language adequate for the purpose, effectively manifest an intention to grant a less estate than might otherwise appear from a preceding portion of his will.[2] His intent must always be ascertained from the testamentary instrument as a whole.

It is urged that "at" (or "upon") the death of Hiram Gilbert should be construed as meaning his death if it occurred within the lifetime of testatrix. This suggestion evidences a confusion between this kind of a provision and one for a remainder over if the first taker dies without issue. In the latter case the rule is that, unless a contrary intent appears, such words are to be interpreted as meaning a death without issue in the lifetime of the testator;[3] but that is because the gift over is conditional, whereas here it is absolute. Where a testator makes a bequest or devise "to A and at (or upon) A's death to B," A receives only a life estate irrespective of the time of his death, whereas if the bequest or devise be "to A and if A dies (or dies without issue) to B", A, if he survives testator, receives an absolute or fee simple estate, the gift to B being but a substitutional one in the event that A dies within the lifetime of the testator. See Restatement, Property, section 108, comment b.

Decree affirmed; costs to be paid by appellant.

---

[2] *Pattin v. Scott*, 270 Pa. 49, 51, 112 A. 911, 912; *Wettengel's Estate*, 278 Pa. 571, 573, 123 A. 488, 489; *Stanton v. Guest*, 285 Pa. 460, 462, 132 A. 529, 530; *Fairman's Estate*, 287 Pa. 334, 135 A. 262; *Reiff v. Peppo*, 290 Pa. 508, 139 A. 144; *Byrne's Estate*, 320 Pa. 513, 181 A. 500; *Brennan's Estate*, 324 Pa. 410, 188 A. 160; *Davenport v. Graham*, 343 Pa. 497, 498, 23 A.2d 482, 483.

[3] *Mickley's Appeal*, 92 Pa. 514; *Lerch's Estate*, 309 Pa. 23, 159 A. 868; *Crawford v. Withrow*, 314 Pa. 497, 500, 171 A. 894, 895; *Davenport v. Graham*, 343 Pa. 497, 499, 23 A.2d 482, 483.