## Opperman's Estate (No. 2).

## Allegheny County's Appeal.

Argued September 28, 1934; ·reargued April 29, 1935. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Thos. E. Whitten,* Assistant City Solicitor, with him *J. P. Fife,* County Solicitor, for appellant.

*Robert L. Kirkpatrick,* with him *Reed, Smith, Shaw & McClay,* for appellees.

OPINION BY MR. JUSTICE KEPHART, June 29, 1935:

This appeal is from the final decree of the Orphans' Court of Allegheny County, following its adjudication of the executor's account in the estate of A. C. Opperman, deceased.

At the time of his death, testator was the owner of 6,000 shares of the capital stock of the William Schuette Company, a corporation of the State of Delaware, and appellant sought to recover from his estate a four mills tax on the value of those shares during certain years when he owned them but had not paid that tax. It is an admitted fact that the corporation itself was authorized to carry on business in this Commonwealth, and was liable for and, in fact, had paid during each of those years a small capital stock tax to this State, as assessed by the State itself. By reason thereof, the court below held that, because of section 1 of the Act of June 17, 1913, P. L. 507, the estate was exempt from the four mills tax. That section makes taxable for county purposes, at the rate of four mills on each dollar of the value thereof, shares of stock in domestic and foreign corporations, "except shares of stock in any . . . corporation . . . that may be liable to a tax on its shares or its capital stock for state purposes under the laws of this Commonwealth, or relieved from the payment of tax on its shares or capital stock for state purposes by the laws of the Commonwealth." It will be noted that, under the language of this exemption, the business carried on by the particular corporation is not alone the determinative factor on the question of liability or nonliability, nor is the amount of the tax paid by it.

Admittedly, the William Schuette Company—"doing business and liable to taxation within the Commonwealth"—was in fact taxed for state purposes, and paid that tax during each of the years for which appellant now seeks to tax its shares in the hands of their individual owners.

In Dupuy v. Johns, 261 Pa. 40, the present question arose. There, as here, the tax paid by the foreign corporation was small, as compared with its total assets, and it was held that the county was not entitled to the tax. This decision was approved in Callery's App., 272 Pa. 255, and has not since been departed from. It is true that in the former case the foreign corporation, upon whose stock the attempted tax was being considered, was engaged in manufacturing, and that fact was referred to as showing nonliability under the laws of this Commonwealth, but it was not said that the statute was limited to that class of corporations, and we had not then nor have we now the right to thus restrict the legislative provision. On the contrary we said (261 Pa. 40, 48), "The words of the act must be accepted as written, and, when so read, it is clear that the court below did not err in declaring the shares of stock in controversy wholly exempt from taxation." The legislatures from 1918, when Dupuy v. Johns, supra, was decided, until now, have not chosen to change the law as announced in that and subsequent decisions, and hence the construction of the statute by this court must stand until the legislature declares otherwise: Bickley's Est., 270 Pa. 101, 106-7; Lerch's Est., 309 Pa. 23, 28.

Decree affirmed at appellant's cost.