## Strahley's Estate.

Argued March 27, 1934. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*John J. Kennedy,* for appellant.

*William B. McFall, Jr.,* of *Dalzell, Dalzell, McFall & Pringle,* for appellee.

OPINION BY MR. JUSTICE DREW, April 9, 1934:

By his last will and testament Lewis W. Strahley provided, among other legacies, that a trust fund of $15,000 be set up for the benefit of his granddaughter, the only child of his deceased son. However, as appeared at the audit of his executors' account, his personal estate was insufficient to meet even the expenses of administration, and as a result none of the pecuniary bequests were paid. The granddaughter's guardian then petitioned the orphans' court to have his ward's trust legacy declared a charge upon the real estate of which the testator died seised. From the dismissal of the petition, on the ground that the will specifically devised all of the testator's real estate, and that hence there was no property available with which to meet this legacy, the guardian took this appeal.

Petitioner's claim is that the court below misconstrued the will; he concedes, as he must, that specifically devised real estate cannot be resorted to for the payment of legacies merely because there is a deficiency of the personal estate: Duvall's Est., 146 Pa. 176. He strongly urges, however, that the testator did not specifically devise his real estate, but disposed of it in the sixth paragraph of the will, in a residuary clause wherein the residue of his estate was blended. Under these circumstances, it is contended, section 17 of the Wills Act of June 7, 1917, P. L. 403, making real estate not specifically devised assets for the payment of pecuniary legacies unless a contrary intention appears from the will, applies, and the legacy to testator's granddaughter should be declared payable out of the real estate.

Petitioner's argument falls at the first step; it is not true that the testator disposed of his estate in the sixth paragraph; it is clear from a reading of the will that the testator intended specifically to devise his real estate, and there is no intimation anywhere in the document that his pecuniary bequests should be charged on his real estate. After directing the payment of his debts

and funeral expenses, and making the legacies above mentioned, the testator, by the sixth paragraph, gave "all the rest and remainder" of his property to his executors in trust to pay, during his wife's lifetime, the income to her and to his two living children. At her death, as very definitely set out in the next paragraph, all the real estate was specifically devised to the children. In subsequent paragraphs of the will the testator directed that "no sale of real estate which I have devised in remainder to my son and daughter shall be sold by my executors without the consent of the remaindermen so affected," that "if my executors should sell any of the properties hereinbefore specifically devised......the proceeds of the sale shall in every such case be substituted instead of the specific property devised and shall be paid at the death of my wife to the one who otherwise would have received the property," and that "the devisees of any real estate under my will which is subject to a mortgage shall be entitled to exoneration out of my other property." The testator by these paragraphs further and even more definitely affirmed his determination that all his real estate should pass to his two children. Finally, in the twelfth paragraph of the will, the testator gave, devised and bequeathed "all the rest and residue of my property not hereinbefore bequeathed and devised ......to my two children or their heirs share and share alike."

From the above summary of the will, it is clear beyond question that the testator intended specifically to devise his real estate, and knew that he was doing so. The scrivener of the will even employed, in the tenth paragraph, the technical term, "specifically devised." In order to reach the conclusion that all of the testator's realty was blended into a residue given in trust, as petitioner contends, it would be necessary for us to ignore every paragraph in the will after the sixth, particularly the twelfth, which is a true residuary clause. Such a distorted construction of a clear and unambiguous testa-

ment is not to be considered.  Since the testator specifically devised all of his real estate and nowhere indicated that he wished any of it to be subject to a charge in favor of the legacy, there is no property now available for the payment of the bequest to petitioner's ward, and the decree appealed from must be affirmed.

Decree affirmed at the cost of petitioner.