**UNITED STATES v. 60.675 ACRES OF LAND IN WESTMORELAND AND INDIANA COUNTIES, PENNSYLVANIA, et al.**

Civ. A. No. 8698.

United States District Court
W. D. Pennsylvania.

April 3, 1952.

Thomas E. Shannon, Sp. Asst. to the U. S. Atty., Pittsburgh, Pa., for the United States.

A. C. Scales, of Greensburg, Pa., for Sarah Alice Coad.

Frederick T. Seymour, of Greensburg, Pa., for Earle Johnston, executor of the estate of Helen McCurdy Coad, deceased.

BURNS, District Judge.

### Findings of fact

1. William Coad, a resident of Westmoreland County, Pennsylvania, died testate on June 16, 1917.

2. His will, recorded in Will Book 21, page 12, of the Register of Wills of that county reads as follows:

"Livermore Feb 25/1907

"I want all my debts to be paid & I also want H W Coad & Ida M. Coad to be my *Administers*

"I want my wife to have $000 two thousand Dollars in *mony* also I want I M. Coad & S. A. Coad & Deanna M. Coad & Helen Coad my three Daughters to have the Home *Propey* & contents also the store *propety* & my interest in the Henry Coad heirs *propety* which is one seventh & if any one of should not live or get married their share shall fall to the other three at home

"I want my wife to be a full heir to the bal of my estate

"I will and bequeath $1000 to Helen M Coad to be given to Ida M Coad in trust to given to Helen as she needs it for her Education & whatever she needs it for I give to Wm E. Coad my gold watch &

924

chain I want all rents and interest paid to Mrs. Ida M Coad & the same to be paid for *insurnace* & taxes or for any repairs that should be needed

"The farm is not to be sold for 5 years or unless it can be sold for $100 or more

"I demand that W H Coad pay out of his share to Sarah Alice Coad $300

"I also demand that R E. Coad pay *Deana* M. Coad pay out of his share $300 I also demand that W E Coad pay out of his share $200 to Helen M Coad this all to paid on or at the final settlement

"I want Ida M. Coad to have one seventh of the remains of my estate share & share about

"I want to *bequath* $150 for a head stone or a monument to be placed on my lot at the *Semitary*

"Wm Coad"

3. Ida M. Coad, widow of William Coad, died testate on January 31, 1926.

4. Her will, recorded in Will Book 23, page 275, of the Register of Wills of that county, designates her daughter, Helen Mc-Curdy Coad, as sole beneficiary.

5. Helen McCurdy Coad died testate on September 13, 1927. Earle Johnston is the executor of her last will and testament.

6. By deed duly recorded, Deanna M. Coad conveyed to Sara A. Coad, in 1928, all the interest of Deanna in the property involved in this case.

7. The United States of America, in the construction and erection of the Cone-maugh River Reservoir, has condemned, inter alia, certain lands to which William Coad held title at his death.

8. The Board of Viewers duly appointed to view that property has conducted a hearing and has determined that Earle Johnston, as executor of the last will and testament of Helen McCurdy Coad, is entitled to the distribution of $3,345.66, which it has found represents the value of a one-half interest in the property here in question, less taxes.

9. Believing that she alone was the owner of the property at the time of the condemnation, Sara Alice Coad has appealed from the award of the Board of Viewers.

10. At the hearing held by this Court on said appeal, Sara Alice Coad has failed to prove that, in drawing his will, William Coad intended either primarily or exclusively to provide the devisees of the realty with a home as long as they lived or remained unmarried.

11. At the hearing held by this Court on said appeal, Sara Alice Coad has failed to prove either (a) an actual ouster of her co-heirs or (b) positive and unequivocal acts, amounting to a claim of the whole property as exclusively hers, brought home to the co-heiresses twenty-one years or more before title vested in the United States of America.

Conclusions of Law

1. This Court has jurisdiction of the subject matter and the parties. 28 U.S.C. § 1358, 28 U.S.C.A. § 1358.

2. The law of Pennsylvania governs the determination of who had title to the land in question at the time of the condemnation.

3. Sara Alice Coad did not gain sole title to the property here involved by adverse possession. See Stull v. Stull, 1900, 197 Pa. 243, 47 A. 240 at page 243, and Hanley v. Stewart, 1944, 155 Pa.Super. 535, 39 A.2d 323 at page 326 and cf. Moser v. Granquist, 1949, 362 Pa. 302, 66 A.2d 267 at page 268.

4. The will of William Coad did not grant his wife and three daughters an interest terminable by their deaths after testator. The clause "if any one of should not live" obviously cannot be construed literally, as the death of all is inevitable. The more reasonable interpretation is that which construes the word "live" as meaning "survive me". See In re Hanna's Estate, 1942, 344 Pa. 548, 26 A.2d 311, 312; Restatement, Property, 1936 ed., section 108, Comment b.

5. By virtue of her father's will and the devise of her mother's one-quarter interest, Helen McCurdy Coad had a one-half interest in the property at the time of her death in 1927.

6. The action of the Board of Viewers in awarding one-half of the proceeds of the

condemnation to Helen McCurdy Coad's executor was proper.

#### Order

And now, April 3, 1952, that portion of the award of the Board of Viewers which designated Earle Johnston, executor, as entitled to one-half of the amount awarded in condemnation of the lands owned by William Coad at the time of his death will be, and it hereby is, affirmed.