## Archambault's Estate (No. 1).

*Practice, O. C.—Decisions in limine—Wills—Construction.*

1. The courts of Pennsylvania have no jurisdiction to declare the construction of a will and rights under it by way of advice in limine, and without adverse litigants actually before them.

2. Where a testator, after directing that the income from certain real property should be paid to his widow for life, makes provision for a fund to support a church pew in perpetuity out of the income after her death, the validity of the latter provision cannot properly be raised in court until after the termination of the widow's life estate.

Argued March 20, 1911. Appeal, No. 363, Jan. T., 1910, by Virginia M. Hart, from decree of O. C. Phila. Co., Jan. Term, 1907, No. 272, in dismissing exceptions to adjudication in Estate of Victor E. Archambault, Jr., deceased. Before FELL, C. J., BROWN, POTTER, ELKIN and STEWART, JJ. Affirmed.

Exceptions to adjudication.
The opinion of the Supreme Court states the case.

*Errors assigned* were in dismissing exceptions to adjudication.

*Theodore F. Jenkins,* for appellant.

*A. I. Phillips*, with him *J. Kirk McCurdy*, for Dora B. Archambault and the trustees under the will, etc., appellees.

*Samuel H. Thomas*, with him *Robert D. Maxwell*, for legatees, appellees.—The discussion of this question is premature: Fabian's Est., 18 Phila. 175.

OPINION BY MR. JUSTICE POTTER, July 6, 1911:

In the fourth paragraph of the will of Victor E. Archambault, Jr., he provided as follows: "After the death of my said wife, I direct my trustees to set aside out of the income from my said property at the Northeast corner of Eleventh and Market streets, or out of the income from the proceeds of the sale of that property, a sum, the interest of which will be sufficient to pay the rent, for all time to come, of my pew, number six, in the Church of the Holy Trinity, situate at the Southwest corner of Nineteenth and Walnut streets in the city of Philadelphia, to be free forever as a memorial to myself." Upon the audit of the account of the trustees, it was contended upon behalf of Mrs. Virgina M. Hart, claiming as heir, under the intestate laws that this provision taking effect at the death of the cestui que trust for life, was void for uncertainty as to the amount required, and that it and all subsequent provisions relating to the trust, fell, and that the estate passed, therefore, under the intestate laws.

The auditing judge and the court below in banc refused to take this view, and held that this question could not properly be raised until the expiration of the life estate, and it was not therefore to be considered or decided at the present time. We agree entirely with this conclusion. It is clear that the testator made his wife the first object of his bounty, for after giving her the house in which he lived, and all of his personal property, he directed that all the net income from his property at Eleventh and Market streets should be paid to her for life. Clearly the widow was entitled to the entire sum which was ready for distribution, under the present account. Any question as to

the ultimate distribution of the estate cannot arise until after the termination of the life estate. There is abundant authority to sustain the auditing judge, in declining, at the present time, to declare the rights of the parties under the will, as respects the subsequent trusts. In Willard's Appeal, 65 Pa. 265, speaking of the settlement of questions arising upon the construction of a will, by way of anticipation, Mr. Justice SHARSWOOD said (p. 268): "The acts of assembly which confer jurisdiction on the orphans' court may be searched in vain for any such power. Without authority so derived we must say that the decree below or in this court on appeal would be inconclusive and possibly a snare. It would not be binding upon any of the parties; certainly not upon those of them not sui juris. Consent cannot give jurisdiction. Any opinion which we should express upon the proper construction of this will in this appeal would be merely extrajudicial." The same principle is reiterated in Tyson's Estate, 191 Pa. 218, where Mr. Justice MITCHELL said (p. 224): "It is quite true that the courts of Pennsylvania have no jurisdiction to declare the construction of a will and rights under it by way of advice in limine, and without adverse litigants actually before them. It is not desirable that they should have."

In the present case, the setting out of an estate for the life of the widow is clearly a valid limitation, which is readily separable from the subsequent limitations. There is no good reason for involving it in any way with the provision for the distribution of a portion of the remainder which is claimed to be void by reason of uncertainty. It will be time enough to meet the question of the validity of the provision for a fund to support a church pew in perpetuity, when that question can properly be raised after the termination of the life estate. Its consideration and decision would have been premature, upon the audit of the account in this case.

The specifications of error are dismissed, and the decree of the orphans' court is affirmed.