## Fownes Estate

*H. V. Blaxter, Jr.*, for accountants.

*Eugene R. Speer*, for minor.

*Donald L. McCaskey*, for widow.

BOYLE, P. J., May 21, 1952.—The question involved is whether the life estate of testator's widow in a residuary trust is "property . . . passing to a surviving spouse" within the meaning of section 7(4) of the Wills Act of April 24, 1947, P. L. 89, so as to preclude an afterborn child from participating in the principal of the trust during the life estate.

Henry C. Fownes, 2nd, testator, made his last will and testament on May 18, 1945. He died on August 25, 1948, survived by his widow, Eleanor Hains Fownes, and three children, John Townsend Fownes, Betty Fownes, and Richard Herbert Fownes. John Townsend Fownes and Betty Fownes were born prior to May 18, 1945, and are now both of full age. Richard

Herbert Fownes was born on October 27, 1946, after the execution of the last will of Henry C. Fownes, 2nd. The Union National Bank of Pittsburgh was appointed guardian of the estate of Richard Herbert Fownes by decree of this court dated April 27, 1951, at no. 2177 of 1951.

After specific devises and bequests to Eleanor Hains Fownes, in articles first, second, and third of the will, the residue of the estate of Henry C. Fownes, 2nd, was given and bequeathed, in article fourth of the will, in trust to pay the income to Eleanor Hains Fownes for her life. The trustees are authorized to consume principal for the benefit of Eleanor Hains Fownes. Upon the death of Eleanor Hains Fownes, the principal of the trust is to be distributed in equal shares to Francis Effingham Laimbeer, 3rd, and Peter Hains Laimbeer, children of Eleanor Hains Fownes by a former marriage. There are provisions for postponement of possession and gifts over on the contingencies that the children of Eleanor Hains Fownes do not survive to the time of distribution, with an ultimate contingent gift, contained in article fifth, to John Townsend Fownes and Betty Fownes, if at any time there are no other takers of the residuary estate. In article sixth of the will testator explains that his children are the ultimate beneficiaries of other trusts created by members of the Fownes family.

At the audit of the first and final account of the executors of the will of Henry C. Fownes, 2nd, the Union National Bank of Pittsburgh, guardian of the estate of Richard Herbert Fownes, the afterborn child, made claim for distribution to it now of one third of the residuary estate. The claim is founded on the theory that under section 7(4) of the Wills Act of 1947 the afterborn child is entitled to present distribution of the share of the residuary estate which he would

have received if testator had died unmarried and intestate. The guardian of the estate of the afterborn minor asserts that the life estate of Eleanor Hains Fownes, the surviving spouse, in the trust created for her by article fourth of the will, is "property not passing to a surviving spouse,".

Unrepresented minors and persons in posse are represented in this proceeding by a guardian and trustee ad litem.

Section 7(4) of the Wills Act of 1947 provides as follows:

"Wills shall be modified upon the occurrence of any of the following circumstances, among others: . . .

"(4) *Birth or adoption.* If the testator fails to provide in his will for his child born or adopted after making his will unless it appears from the will that the failure was intentional, such child shall receive out of the testator's property not passing to a surviving spouse, such share as he would have received if the testator had died unmarried and intestate owning only that portion of his estate not passing to a surviving spouse."

It is the plain intent of this section of the Wills Act of 1947 to prevent an afterborn child from participating in the distribution of any property which passes by will to the surviving spouse of testator.

In the case at bar testator failed to provide in his will for his afterborn child. It does not appear that this failure was intentional.

The surviving spouse asserts that her son, the afterborn child, is not entitled to distribution of any part of the residuary estate at the present time. She contends that the determination of his right to participate in the distribution of the estate must be postponed until the expiration of her life estate, citing Archambault's Estate (No. 1), 232 Pa. 344 (1911); Slater's Estate, 265 Pa. 88 (1919); Clayton's Estate, 302 Pa.

468 (1931); Sharples' Estate, 305 Pa. 12 (1931); Moore's Estate, 8 Dist. R. 399 (O. C. Phila., 1899).

We now confront the question whether the life estate of Eleanor Hains Fownes, the surviving spouse, is "property" within the meaning of the language of section 7(4) of the Wills Act of 1947.

In Morrison et al. v. Semple, et al., decided in 1813 and reported in 6 Binney 94, it is held at page 97:

*"Property* signifies the *right* or *interest* which one has in land or chattels. In this sense it is used by the learned and unlearned, by men of all ranks and conditions. We find it so defined in dictionaries, and so understood by the best authors."

See also Hall's Estate, 20 Dist. R. 876, 877.

It is clear that the term "property" includes equitable life estates: Crawford Estate, 362 Pa. 458, 463; Commonwealth v. Stewart, 338 Pa. 9.

The auditing judge holds that the equitable life estate of Eleanor Hains Fownes under the will of her deceased husband is property which passes to her as surviving spouse. The right of the afterborn child to share in the distribution of the estate may only be determined after the death of Eleanor Hains Fownes, the life tenant.

It is further observed that any distribution at this time to Richard Herbert Fownes, the afterborn child, would be contrary to the intention of testator, who directed that his surviving spouse receive the income from all the residuary trust during her lifetime. To allow the claim of the guardian of the estate of the afterborn minor child prior to the termination of the life estate would be in violation of the provisions of section 7(4) of the Wills Act of 1947.

The auditing judge holds that the claim of the guardian of the estate of Richard Herbert Fownes, the afterborn minor child of testator, for present dis-

tribution to it of one third of the residuary trust must be dismissed.