**Benson Estate**

*Waters, Fleer, Cooper & Gallagher,* for accountant.

*Smith, Aker, Grossman & Hollinger, Drinker, Biddle & Reath,* for beneficiaries.

*John R. Gauntt,* for United States of America.

*Richard N. Spare,* Special Assistant Attorney General, for Commonwealth.

TAXIS, P. J., May 23, 1969.—Decedent died November 28, 1964, survived by her husband, Richard Benson, and her two daughters, Mary Benson Booth and Ethel Benson Wister. Her estate is given outright and in equal shares to her husband and her two daughters, and Richard Benson has qualified as executor.

The original inventory listed assets of approximately $2,420,000. Subsequently, the Internal Revenue Service asserted, for Federal estate tax purposes, that the estate also included a remainder interest in an *inter vivos* trust dated June 1, 1937. This trust was created by decedent's father, J. N. Pew, Jr., and the deed provides, in part, for a life estate for Alberta H. Pew, decedent's mother, and a remainder to their four children, one of whom was decedent, Mary Pew Benson. The Internal Revenue Service contends that decedent's remainder interest in the trust was indefeasibly vested, and issued a deficiency notice valuing this interest at $3,773,029, on which additional tax of more than $1,000,000 is allegedly due.

The executor has filed a supplemental inventory including this remainder interest as an asset of the estate, and has also charged himself with this interest in his account. His stated purpose in so doing was ". . . in order that his daughters may object and thereby secure a definitive ruling on whether the remainder interest belongs to the estate or to them as alternative beneficiaries under the deed of trust." The daughters have filed objections to both the inventory and the account contending that decedent's interest in the trust was contingent upon her surviving her mother. The United States was permitted to intervene and the Commonwealth of Pennsylvania has also been made a party, under the provisions of section 707 of the Orphans' Court Act of August 10, 1951. The United States has filed preliminary objections to the account as well, and these constitute the matter now before the court.

The United States contends (1) the court lacks jurisdiction over the subject matter of the dispute, and (2) the procedure employed by the executor is improper. We will discuss these contentions in the order raised, keeping in mind, however, that the substantive question of whether decedent's interest in the trust is vested or contingent has not yet been argued and is not before us at this time.

As to jurisdiction, section 301 of the Orphans' Court Act of August 10, 1951, P. L. 1163, 20 PS §2080.301, provides ample basis for this court to decide this matter. Subsections (1) and (6) thereof give this court exclusive jurisdiction of the ". . . administration and distribution of the real and personal property of decedent's estates . . . ," and the ". . . settlement of the accounts of . . . all fiduciaries of estates and trusts of which the court has jurisdiction, . . ." The United States points out that the executor does not actually possess the remainder interest in question and is not accountable for it, nor would any property be distributable from the trust at this time; but these observations beg the question. The executor *has* accounted for the remainder interest, and whether he is legally correct in doing so not only comes squarely within the above quoted statutory jurisdiction of this court, but would not appear to fall within the well founded jurisdiction of any other tribunal. Indeed, it is the United States itself which takes the position that decedent died owning a vested remainder in the trust, i.e., was "seized" of the interest regardless of her possessory rights, and if this is so, such interest would ultimately be transmitted and distributed as a part of this estate: Cf. Gelm's Estate, 61 Pa. Superior Ct. 228, 331.

With reference to procedure, the United States contends that what actually is sought here is an advisory opinion, which we have no power to render. We accept

the rule that advisory opinions as such may not be given; indeed, even under the express provisions of the Uniform Declaratory Judgments Act of June 18, 1923, P. L. 840, 12 PS §831-846, the existence of a real or present controversy is a prerequisite to judicial action. This matter is not, of course, a declaratory judgment case in any event, for the executor properly states that he is not so proceeding, inasmuch as there exists the alternative procedure which he has invoked. The duty upon us to adjudicate objections to a fiduciary's account requires us to deal with the substance of this dispute. If the United States is correct, the vested remainder should be administered as part of this estate; on the other hand, if the remainder is contingent, then its inclusion in the account is improper. The objections precisely pose this issue.

The cases cited by the United States are so different factually from this one that they are not of assistance. Willard's Appeal, 65 Pa. 265, ruled that a court could not presently decree that fiduciaries and certain other persons perform acts long periods of time in the future, and through such a decree construe portions of a will yet to come into effect. In Sharples' Estate, 305 Pa. 12, notwithstanding initial appearances, whether or not to render an advisory opinion was not involved in the case, as the court specifically found that testator's intent was to postpone vesting of a certain fund until the deaths of persons some of whom were still living, and held consequently that no determination of the ultimate takers could possibly be made at that time; even if pure advisory decrees had been permissible, the facts required for one would still have been in the future. And in Archambault's Estate, (No. 1), 232 Pa. 344, the Supreme Court ruled that the validity of a remainder interest would not be determined as long as the life tenant lived, for to do so during the existence of the life estate would have been "premature" and

"extrajudicial." None of these cases, insofar as their opinions reveal, specifically involved the accounting problems or the questions of present ownership of property interests in another estate which are before the court here.

All of the preliminary objections of the United States are dismissed.